HEARD NOV. TERM, 1871.

PRINGLE *vs.* SIZER.

Where the judgment of the Circuit Court, upon a remittitur, does not conform to the judgment of the Supreme Court, the remedy is by appeal, and not by motion to set aside the judgment of the Circuit Court.

When the remittitur issues upon a judgment remanding a cause, the Supreme Court loses its jurisdiction, and can neither order a re-argument, nor correct an error or mistake, in its judgment.

Where a remittitur is ordered by the Supreme Court, and a party gives notice of trial, and brings the case on for trial in the Circuit Court, he cannot afterwards object to the jurisdiction of that Court, on the ground that no remittitur had in fact issued.

BEFORE THOMAS, J., AT LANCASTER, OCT. TERM, 1870.

To understand this case, it is necessary to refer to the same case as reported in 2 S. C., 59. It will be seen by referring to pp. 66-7, that this Court stated the balance in the hands of the defendants to be $206.64, and by its judgment at p. 68, that the Court dismissed the

bill as to Pringle, one of the plaintiffs, and further ordered as follows: " As to Chafee" the other plaintiff, " let the case be remanded to the Circuit Court, that the parties representing him," he having died pending the proceedings, " or the firm, as they may be advised, may have an opportunity of becoming parties to it, and of moving for such orders as may place them in a condition to carry out the views and principles announced in this opinion."

According to " the views and principles announced in this opinion," the firm of Chafee, St. Amand & Co., of which Otis J. Chafee, the plaintiff, had been a partner, was entitled to a *pro rata* proportion of the sum of $206.64, but what that proportion was the judgment does not show.

No remittitur was issued, but the plaintiff gave notice of trial in the Circuit Court, and both parties submitted motions to the Circuit Judge. His Honor adopted the views of defendants' counsel, and signed the following order, submitted by them :

It is ordered that upon the payment into Court of the sum of fifty dollars, to be applied under the decree of the Supreme Court to the claim of Chafee, St. Amand & Croft, and the further payment by the defendants of their own costs already incurred in this case, the bill be dismissed, unless within thirty days from the date of this order, the proper parties representing the said claim of Chafee, St. Amand & Croft, file an amended bill against the defendants to recover any further sum which they may consider due upon said claim under the terms of the said decree. That upon the dismissal of the bill, in accordance with the terms of this order, and the payment of the costs then remaining by the proper parties representing the said claim of Chafee, St. Amand & Croft, that the Clerk pay to them the sum paid into Court under the terms of this order.

Plaintiff did not appeal, but gave notice that he would move this Court to set aside the order, on the grounds:

1. That, unless said order of the Circuit Judge be set aside, the judgment of the Supreme Court in this cause cannot be made, and become the judgment of the Circuit Court.

2. Because said order in effect reverses the judgment of the Supreme Court, in that it directs the dismissal of the bill as to Chafee, St. Amand & Croft, in direct violation of the decision and order of said Court.

The motion was now made, the plaintiff, at the same time, moving for a re-argument on the ground, as alleged, of error in the judgment

of the Supreme Court in stating therein that the balance in defendants' hands was $206.64, whereas said balance was $447.15.

*Moore,* for the motion.

*Allison,* contra.

April 16, 1872.  *Per Curiam.*  There is no doubt of the power of the Court to correct its judgment founded on a misconception of facts while it has any control over the case.

The statement of the amount due on the confession of Sizer to his sureties, was supposed to have proceeded from the appellants. Whereas it really was submitted by the respondents.  It was in manuscript, without signature, and it is not, therefore, surprising that it was regarded as the statement of the one party rather than of the other.  If counsel would always affix their names to their papers the like error might not easily occur.

Strictly speaking, after a cause has been once remitted, this Court loses all jurisdiction over it ; but if before the remittitur has, in fact, issued, an error as to figures is made apparent, or any obvious mistake of fact is shown, the Court would reform its judgment in conformity to the truth of the matter.

The case before us was not only taken up by the Circuit Court without objection, but motions were submitted on both sides in regard to the orders which should issue to give effect to the judgment of the Supreme Court on a notice of trial served by the appellants. They must be regarded here as at least not objecting to the jurisdiction of the Court in that regard.  If they were permitted now to set aside the order which was passed, because the cause should first be again submitted to this Court, it would be a surprise on the other side, and the plaintiffs would really be taking advantage of their own wrong.—See *Judson* vs. *Gray,* 17 How., 180, 296.  The Circuit Court on the remittance of a case is bound to follow the directions of the Appellate Court.  It cannot change, alter or modify them, or allow new issues.  If, in the case in hand, it failed in any plain duty enforced by the judgment of this Court, and issued orders inconsistent with it, the remedy lies in the right of appeal to which the appellants have not resorted.  There is no ground for ordering a re-argument.  The motion to set aside the order, and for a re-argument, is dismissed, without prejudice to the plaintiffs in any other course of contesting the said order as to which they may be advised.